for the appellant, Brian Wilson for the appellee, Luke McNeil. Mr. Wilson. May it please the court, counsel. Good morning, your honor. I plan to primarily argue issue one of the appellant's brief today. But certainly, if the court has any questions about any of their issues, I'm more than happy to address those. The Illinois legislature has established a scheme for sex offenses. The evidence in this case, viewed in the light most favorable to the state, establishes that had the state charged Terry Lloyd with criminal sexual abuse pursuant to subsection 12-16d, they probably would have pretty easily gotten a conviction. That subsection requires the victim to be between the ages of 13 and 17, the perpetrator, the accused, to be five or more years older than the victim, and for there to be some act of sexual penetration. The state didn't charge this offense pursuant to that subsection, however. They charged it pursuant to subsection 12-13a2. That subsection requires the state to establish that the defendant knew, not that he might have known or that a reasonable person would have known, but that this defendant knew that the victim was unable to understand the nature of the act or was unable to give knowing consent to that act. How old was your client? She was 13. Your client... Oh, my client, I'm sorry. He was in his 40s. 42. Okay. Now, this is the part of your brief that I don't understand. Under the state of legally speaking, the criminal code says no, that she can't do that. Now, she can consent, they can have sexual relations, but then the defendant can be prosecuted for that under the criminal code, like he should have been in this case under 12-16b, because he was more than five years older than the victim and she was between the ages of 13 and 17. I understand it fits under that. Okay. Okay, I agree with you there. It does fit there, but I'm trying to figure out why, under the scheme of laws that we have in Illinois, 13a2 doesn't apply where you have a 13-year-old who is incapable legally of giving consent. The defendant knew her age, the way I understand the evidence in the case, and he's in his 40s. A 13-year-old in the state of Illinois is not able to give consent to sexual activity. In other words, whether she laid down in the middle of the road and said, take me, he's not lawfully able to do that, she can't consent to that. So why doesn't 13a2 cover it? Because, and I've got a couple of different responses, and I'm hoping I can fully address your question. The first part of this, it goes to the defendant's mental state. Whether she can consent under the law or not is irrelevant, unless the defendant knows that there is some reason that she doesn't understand the nature of the act, or that she is unable to consent to the act. Okay, but he knows she's 13. Isn't he charged with knowledge that a 13-year-old in the state of Illinois cannot consent to sexual relations? I don't think that's the specific way that he's charged. I think it's that the victim was 13 at the time, and the defendant knew that the victim was unable to give knowing consent, or unable to appreciate the nature of the act. And let's leave appreciate the nature of the act, because I think based on the evidence as I see it in the briefs, it seemed to me, I don't want to say she was a willing participant. Right. And that's one of the reasons that this case is, just as an aside, a little difficult to argue, because I don't want to give the impression during the argument today that anything I say is blaming towards the victim at all. Right. I think we all agree with that. So let's leave that part aside. But you've got the or there, and the or is knowing consent. Right. That the defendant knew that the victim was unable to give knowing consent. Right. So if he knows she's 13, this is what I'm trying to understand, if he knows she's 13, why is he charged with knowledge that she is not able to give knowing consent? Lawfully, she cannot give consent. And I'm going to say this, and I promise it's not meant to be in a sarcastic way at all. I don't want it to come off as that. My client isn't an attorney. He doesn't have any experience with the law. Obviously, he's doing things that a normal person probably wouldn't do. And there's nothing indicating in this record that he knew that a 13-year-old couldn't legally consent to sex in Illinois. Now she gave, you know, there's no indication in the record that she did anything to indicate that she was unable to consent to sex. And I should say... Unable to give knowing consent. Unable to give knowing consent, correct. And I should say, as another part of my answer to your initial question is, if you look at how the statute is normally used, the statute is normally used in cases, for instance, prototypical case, a man's at a party. He sees a woman there at the party. She's had too much to drink. She's stumbling around. She's having bouts of unconsciousness. He performs some sort of sex act on her. Well, given the facts of the case, as the defendant saw him, he should have known that that person was unable to give knowing consent to this act. I think, locally speaking, and I think this is where the two subsections kind of interact a little bit. Globally speaking, in this case, you not only have the fact that she is 13, but you also have actions on the part of the minor, aside from her age, that show that, and her testimony at trial, that this was something that she wanted to experience, something that she wanted to happen with the defendant. That goes to the part of understanding the nature of the activity, which to me is a separate element. And see, I don't know necessarily that it does. Well, it's connected with an or. Right. And I agree with that. I'm saying that if, going back to the example of a woman who's at a party, who maybe has had too much to drink, if she is unconscious, then the defendant has reason to know that she can not give knowing consent at that time to the sex act. She's unconscious. She can't consent to that. Okay, I agree with that, and I think that statute covers that situation. What I'm trying to figure out is why it doesn't cover this situation, where you have a 13-year-old who is unable to consent. She cannot consent to sexual relations under our law. Legally she can't. Now, she can tell the defendant that she wants to, but legally speaking, she can't. And that's why I think the legislatures put this scheme together. The People v. Fisher case that's cited in the briefs looked at this exact statute, and they said that this statute, the legislature clearly intends for this statute to apply to situations where an otherwise normally competent person is rendered temporarily unable to give knowing consent. It's the case of the woman that's drunk at the party. Now, I understand what the issue that you're having with the argument, being that she's 13, and I agree that that's a significant mental hurdle, intellectual hurdle to get over. But when you look at what the defendant knew, what this, again, person that's doing things that he shouldn't be doing knew, there's nothing in the record that indicates that he knew that a 13-year-old can't consent to sex in Illinois, or that this girl can't consent to sex in Illinois. In fact, the state, during their closing argument, told the jury that there was nothing unnatural, unreasonable, wrong, or unbelievable about the victim's desire to experience sexual acts. Well, if the state's conceding that in their closing argument, I don't know now how they can come back and say, well, we did say that there was nothing unbelievable or unnatural about it, but the defendant should have known. If there's nothing unbelievable or unnatural about it, then, you know, that to me supports the defendant's position that, yes, he may have known what her age was, and actually, I know that the record says that he knew what her birth date was. I'm not sure that it affirmatively establishes that he knew, and I could be wrong, that he affirmatively knew what her numerical age was. But regardless, the important question here is, was there some evidence in the record that he knew that she was unable to give knowing consent? And whether she's legally capable or incapable of giving legal consent doesn't seem, to me at least, to be the operative question. Now, it seems you're arguing it cannot just be the age discrepancy. Is that what you're saying? It depends. Yes, if it is strictly an age thing, barring some other evidence that would be indicative of an inability to consent, yes, I agree with that. And I do have a reason for that as well, if you would like me to explain. The Illinois legislature set up this scheme for sex offenses. Now, for instance, a 16-year-old boy that has sex with his 15-year-old girlfriend is, under subsection 12-15B, can be convicted of a Class A misdemeanor. If the state is correct in their argument that a 13-year-old with no other real facts in this case showing that she's unable to consent cannot consent in Illinois, and therefore the defendant has knowledge that she's unable to consent, then 12-15B turns into a Class 1 felony. Because even though the legislature said, we want to punish this offense as a Class A misdemeanor, if the girl is underage pursuant to the state's budget under subsection 12-13A2, and say, well, the girl was underage, so the defendant knew that the victim was unable to consent to sex, and therefore that's a Class 1 felony. And there are multiple statutes throughout the Illinois Criminal Code dealing with age-based sex offenses that would be completely eviscerated and rendered meaningless if the state's argument that age alone is sufficient is adopted. Because, like I said, even though the legislature said that the 16-year-old... Is the state arguing that age alone is sufficient? That's what I view their argument primarily as. Now that you say, I believe they go into some other factors about what the defendant may have told the victim, such as, you know, I can get in trouble for doing this, don't tell anybody, or I can go to prison for doing this, or something. Couldn't a jury reasonably infer from those statements that he knew that she was unable to knowingly consent or understand? I think the jury could reasonably infer that the defendant knew that he was doing something he shouldn't have been, which is true. But when you come to the specific question of was there evidence presented that the defendant knew that the victim was unable to give knowing consent to this act, I don't see any evidence in the record that goes specifically to that point. Did the defendant testify? He did not. Did anyone testify about statements he made other than the victim herself concerning the various acts? Not regarding the acts that I recall. There was an officer that testified as to a statement the defendant made, and that testimony, again, if my recollection is correct, was essentially that the defendant was denying any wrongful conduct and had denied even being with the girl, which seemed to be the defense theory throughout trial, was that it didn't happen. But I don't recall any specific evidence, and I could be mistaken, but I don't recall any specific evidence of any other statements that was given about this. There was a statement by the girl's aunt that she told the defendant that she wanted him out of her house and never wanted to see him again or something like that, but I don't recall anything specific as to the actual acts themselves. Was this issue litigated below at all? No, this specific issue. There was no motion to dismiss the indictment? Correct. The information was verified? Correct. That's why it's being raised as essentially a reasonable doubt argument at this point. Who was counsel for the defendant? It was David Rumley. Was there a motion for judgment in O.V. based on this issue? Not on this issue, no. Does it matter? I don't think that it matters because, again, it's being raised as a reasonable doubt argument at this point. The defense throughout trial was the same. They just denied... She made it up. Essentially. And I believe there was some testimony that there... Or actually, there wasn't testimony. There was a hearing held after the trial regarding some evidence that had been given to both the defense counsel and the state's attorney that might have indicated the motive, but they determined that it wasn't sufficient to justify any further action. But no, this issue was not raised before. That's why it's being raised as a reasonable doubt argument at this point. If this case is reversed, can he be retried on what you view as the appropriate charges? I don't believe so because it isn't a lesser-included offense. He wasn't charged in the alternative with what I believe was the appropriate charge. Certainly, if there is a lesser offense that is available and the court doesn't see a need to reverse or vacate his conviction outright and wants to remand it for the lesser-included offense, the court's welcome to do that. Aren't there some cases that say it is a lesser-included offense? I'm sorry? Aren't there some cases that say it is a lesser-included offense? Criminal sexual abuse under 1216b? I don't believe so because that's an age-based, strictly an age-based offense, whereas this is not knowing that the victim was unable to understand the nature or unable to give knowing consent. I did look at that issue, but I didn't find any case that said it was a lesser-included offense. Speaking about that, I just wanted to ask, you did look at, I'm sure, the indictment in this case, did you not? Yes, I did. You were just mentioning how for 12-13a2, it says the accused commits sexual assault if he commits an act of sexual penetration. The accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent. There's no reference to age in that provision. Correct. Did you notice that the indictment is all referred to the victim as being 13 years of age? Yes, I did notice that. And I actually, I looked at that issue when I saw the indictment, and because this isn't an age-based offense, had the state charged it under 1216b, age would be something that arguably would need to be charged. It's a part of the offense. It's a material element to this offense. In this case, they can charge it as age. They can say that she's 12. So this is essentially just unnecessary surplusage. Yes. Revealing confusion by the prosecutor. I don't think it's necessarily revealing confusion by the prosecutor as much as the prosecutor, I don't doubt that the prosecutor thought that the age was a valid element in this case. And I don't, I should say, I don't dispute the age. This is kind of like pleading she's left-handed, isn't it? As far as any legal effect when you're charging criminal sexual assault? Yes. I mean, if it's not necessary for, if she's left-handed, it's not necessary because she's 13. I would agree with that. What's the age cutoff? I take it you would agree that a five-year-old is incapable of giving knowing consent, and therefore, you could charge a five, if the victim's five years old, you could charge a defendant under what the statute was here with this offense. What's the cutoff? What's the age cutoff? Sure. And there are cases that say that. There is no age cutoff. I think what the more operative question is, at what point does the victim have the knowledge or the, carry herself so that a defendant would have reason to question whether she could give knowing consent? I'm not sure I follow your argument. From what you said a few minutes ago, I would think that your argument would be the age cutoff is 13 because there's a specific statute for a 13 to 17-year-old victim. Correct. When the sex act is with someone who is at least five years old. Correct. And I agree, under the subsection that I believe she should have been charged under, yes, that's correct. Well, let me ask you this about that indictment. Suppose the language in the indictment had been the same, but the state had cited 5-12-16D instead of the criminal sexual assault statute. What would have happened?  I'm saying maybe the indictment just stated the wrong statutory scheme. Well, it comes into a problem because it definitely could have influenced the defense at trial. That's why the defendant is entitled to know exactly what's being charged. There was no ambiguity in the statute to require a bill of particulars or anything like that. So that would be a problem if the state just comes in and says, well, at this point we 12-16D, it was an oversight on our part. A conviction couldn't be sustained because that would be, in my view, akin to a fatal variance if they're alleging factual elements of that. Well, I'm just saying the state put down the wrong statutory section. They should have put 12-16D. And they proved 12-16D. So why should we reverse this conviction? Because they didn't try him for 12-16D. And they never told the defendant they were trying him for 12-16D. That's a problem because then the whole... The proof showed that 12-16D had been proved. Correct. If I worded that correctly. Correct. When the state is charging him with 12-13A2, the defendant formulates a defense to that specific charge. It may very well be that in formulating that defense, the defendant ends up, or the state ends up presenting sufficient facts and the defendant doesn't rebut those facts, that could mean a conviction had he been charged under a different subsection. But the defense here was he didn't penetrate her, wasn't it? It wasn't that... The defense was that it never happened. Pardon me? The defense was that it never happened. Okay, it never happened. Right. The problem lies in that when he was charged, he formulated a defense to address that specific charge. The state can't later come back and say, well, he formulated a defense for this specific charge, but... If he formulated a defense as it never happened, that would make no difference whether it was charged under 12-16D or the criminal sexual assault statute. It very well could have. I don't know what... I can't get in the mind of the defense attorney. I don't know how the defense would have changed, but the defendant, he formulates his defense based on the charge that he's charged with. But his defense, as you said, was this never happened. Right. But Mr. Scherner's point is, well, no, he never admitted touching her or having any type of a sexual contact with her. He never took the stand and denied that. Right. I guess I don't understand. Sorry. That's all right. Go ahead. Finish up your rebuttal. No. Probably confusing you. When someone is charged with something and they formulate a defense for that charge and they are convicted of that offense, if the state doesn't meet a material element of that offense, as I don't believe they have in this case, the state can't later come back and say, well, there's a different charge and we did meet the elements of that charge and therefore he's rightfully convicted of this charge. There are, aside from being fundamental flaws with due process in that case, there's noncompliance with Illinois Supreme Court rules regarding charging and it denies the defendant the right to formulate a defense that's specific to the charge that he's been charged with. Okay, counsel. You'll have time to rebuttal. Thank you. Mr. McNeil. Thank you. May it please the court. Counsel is correct. It is a reasonable doubt argument at this point. So the standard is pretty high for him. It's looking at the evidence in the light most favorable to prosecution. Is it the state's position that the age of the victim here without more is sufficient to sustain a conviction that she's unable to give knowing consent? I think it is. I think it is sufficient, but I think that the... At what point would that age no longer be correct, 14 or 15? That's why I was going to say the disparity in age in this case is important. Well, if the victim were 15 years old, would your position be the same? With a man in his 40s, the state's position would be the same. So a 16-year-old wouldn't be, or a 15-year-old would not be capable of giving knowing consent within the meaning of 12-14A2. 13A2. 12-13A2. Yes. Well, another question about that is, you know, we have to give meaning to all the words used in the statute, and this would be a technical argument that the victim is incapable of giving consent, but A2 talks about how the state has to prove that the accused knew, that's the focus, that the victim was unable to give knowing consent. We're looking at... Now, under the theory that you're giving us, that age trumps it, you have a 13-year-old guilty in the next case, what does the adjective knowing add to this analysis? Well, of course, we have to know that the victim is a minor. Well, under your theory, all you'd have to know is that the victim was 13 or 14 or 15 years old and he's guilty. Isn't that correct? Correct. So how does knowing, what does the knowing mean there? Well, there... Just that she was unable to consent. Correct. Because legally, knowing or unknown, if she's not of age, under your theory, she can't consent and he's guilty. Correct. But I can see that there may be a gray area with the defendant who's 20 and the victim who's 15. So it's the accused's age on a sliding scale, which... I think the disparity in age, looking at the totality of circumstances in a reasonable doubt argument, I think that... Well, you say age alone is sufficient. Doesn't that raise a proportionate penalties question? Because you're basically saying the elements proved under 12-16B are identical, therefore, if age alone is all we're talking about with 12-13A2, but one is a Class I felony, nonprobationable, and one is a Class II felony, which is probationable. Don't you have a proportionate penalties question under the state's theory? There could be. Again, I think that you have to look at the totality of the circumstances. You have to look at the disparity in age. And the defendant has to have knowledge that she was unable to give knowing consent. It almost seems like to discount, though, what the legislature has tried to do when they set out the 13-17 year old victim and the accused who is over 5 years older. To me, that sounds like the legislature was intending to prosecute situations where the defendant was younger, 18, 19, 20, but 5 years older. Well, to me, it sounds like what the legislature is doing is if a victim is 13-17 and the perpetrator is 5 years or greater older, it doesn't matter about consent. It doesn't matter about anything else. If there was sexual penetration or contact, you're guilty. But now if you enhance that to a Class I felony by charging them under 12-13A2, it seems to me that the legislature intended that you had to have more than age to get it up, to boost it up to the Class I felony. Doesn't that make sense? Yeah, even if that is the case. I think in this case that there was knowledge. If that is the case, then the state needed to put on additional evidence to the age of the victim, age of the accused, and the difference in those ages. What is that additional evidence that the state put on? I think a key part of that is, the counsel mentioned it, the defendant told the victim, don't tell anyone, I can go to prison for a long time. Well, he knew he was doing something bad. In fact, everyone seems to understand on these acts, it was aggravated criminal sexual abuse, which is a Class II felony. But what is the evidence in Justice Sterner's question, which is mine too, focusing on the victim here, P.V., what evidence is there, any evidence is there, that she was unable to give knowing consent to? That she did not know what she was doing and couldn't have said no? And in fact, didn't she say no to a few of the things that he proposed? That's another thing I was going to mention. There's multiple times in her testimony where she told the defendant, declined many times, and then stated many other times that she was uncomfortable with what the defendant was doing. Doesn't that all bespeak of someone who is capable, or who understands what's going on, is capable of giving consent or withholding it? I would say I would disagree with that. She's a 13-year-old girl, he's in his 40s. Well, if age weren't the factor, again, focusing on Justice Sterner's question, which is mine, what evidence is there to show that she didn't know she could consent to her? She wasn't able to give consent. She extensively testified in People v. Beasley. Well, focusing on her, what would you point to in her testimony? On the whole record, she talked like she was a young girl. She gave answers that were indicative of someone of a young age. And the jury in trial court observed her testimony. Let me ask you this question also, going back to Section 12-13. There are several subsections there defining criminal sexual assault. The one charge in this case, 12-13A2, as we've discussed, contains no reference to any age at all. But 12-13A4 does. That's the section that reads the same in the beginning. Namely, it says a person commits criminal sexual assault if he commits an act of sexual penetration with a victim who is at least 13 years of age but under 18 years of age. That's our case. When the act was committed. And the accused was 17 years of age or older. That's our case. Then it adds the following. And held a position of trust, authority, or supervision in relation to the victim. Wouldn't all of that additional language be unnecessary if your theory that someone who's just 13 years of age is incapable of consenting were sufficient under 12-13A2? Again, the facts of this case show that the defendant did have the knowledge that she wasn't able to consent. That's not a responsive answer. I'm asking you. And by the way, Mr. McNeil, you inherit cases as you go. You didn't bring this charge. I understand you're here as a defendant. So I don't want to look like we're pressing you too much on this, but you're the state's representative here. My question is with regard to statutory construction. If your theory is correct about age is sufficient, being a 13-year-old is sufficient, that's the end of the question of able to give knowing consent. We don't have to look any further. Then it seems to me, and I want to give you a chance to respond to it, the language in 12-13A4 would be redundant, subversive, unnecessary, where the legislation refers to age differentials such as those present in this case. It adds that the accused had to be in a position of trust, authority, or supervision relations of the victim. Father, stepfather, typically teacher, coach, minister, those kinds of things. And that's how that statute has been used, as I'm sure you've seen as have I. To the extent that we're involved here with the matter of statutory construction, isn't the construction you're offering us inconsistent with 12-13A4? In that 13A4, the requirement isn't that there was a single... The position of trust. It has the ages, but then it has the position of trust. It doesn't have to understand the nature of... Right. That's not there at all. Right. Because what the legislature is saying is your argument. We don't care whether she consented or not, or could consent or not. It doesn't matter. If it was an act of sexual penetration, and she was of this age, and he was of that age, and he occupied a position of trust, authority, or whatever, guilty. Forget about that she understood the nature of the charge or that she consented. Because she could have been a willing participant, as is sometimes the case. But he's guilty of this Class I felony, non-probationable. Correct. I think it's important to emphasize that in A2, there isn't... It doesn't say temporarily unable to give no consent or anything like that. There are cases where it might be typically prosecuted where the drunk person passed out or whatever. But there are cases where 13A2 was used and the victim was a child. I cited them in my brief. Alan Leibart and Donath. In this court's opinion in Bryles, there was evidence in that case that there was a mental deficiency in the victim. But the victim was 11. Here the victim was 13. More importantly, the defendant in Bryles was 17, and here he's in his 40s. And this court even says that the disparity in age is a factor in determining whether the defendant knew that the person was unable to give no consent. Was that case prosecuted under 13A2? In Bryles? Yeah. I believe so. I'm sorry, Justice Stein. Go ahead. No, I'm... I forgot what I was going to ask. All right, I'll come back to you. Go ahead, counsel. Yeah, I think... You said Bryles was a 13A2 prosecution. Okay. If at least not... They at least had to determine whether the victim was unable to give no consent, which is the issue here. I think 13A2 is the only one that has that. Was that the issue in Bryles? In Bryles? I think it was a major issue. And, again, there was evidence that the victim had a mental deficiency. But, again, the difference in age between defendant and victim in that case was only 16. Is there any case that you can cite where we have a victim between 13 and 17, as we do here, with an adult over 5 years older, where the state secured a prosecution under 13A2? I did not find any case between 13 and 17 that the state used 13A2 to prosecute. But the plain language of the statute doesn't bar prosecution when the defendant has knowledge that the victim was unable to consent, as here. Defendant knew that he was doing something wrong. He told the victim not to tell anyone because he would go to prison. Victim stated many times she was uncomfortable. State declined the defendant's advances many times. Wait a minute. She told him she was uncomfortable? In certain situations throughout the testimony, she stated she was uncomfortable. I'm trying to hear. She told the jury she was uncomfortable, or did she tell the defendant when these things were going on that she was uncomfortable? In her testimony. And I wanted to comment on the jury instruction argument just a little bit. In the counsel's brief, reply brief, he mentioned a few cases where there was insufficient evidence to infer penetration. In People v. Vell, the victim testified that only at a time when she was wearing shorts, the defendant touched her vaginal area. Therefore, it wasn't reasonable inference for the jury to infer that there was penetration since she had pants on. Here, obviously, there's testimony that Paige didn't have pants on. People v. Oliver, there's testimony that the victim had a contradicting statement out of court to her husband that the defendant's penis was along her cheeks instead of penetrating her anus. Here, there was no contradictory evidence or denial of penetration in Paige's testimony at all. And in People v. James, I talked about in my brief, the jury instruction in that case was incorrect instead of just incomplete in the prosecution. The prosecutor in this case cleared up the incomplete instruction in the closing argument. You do acknowledge that the jury instruction here was incorrect? Incomplete. Incomplete. I wouldn't say incorrect. The first half of the pattern instruction. And again, the counsel stated... Well, sometimes it was the half that didn't apply to the evidence. But the other half that did apply, the prosecutor mentioned in his closing argument. And again, for the sufficiency of the evidence argument, I stressed that it is a reasonable doubt argument. So, looking at the evidence in the light, most favorable to the prosecution here. And all the reasonable inferences that could be made by the jury, the defendant had knowledge that the victim was unable to give knowing consent. In Briles, it was an 11-year-old mentally disabled victim. And the only way the issue came up in that case was the trial court directed, essentially your theory, that the victim could not give consent under law because he was 11 years old. And Justice Wolfson, in his dissent, said that was wrong and error. And the majority said, yeah, it's wrong, but the evidence of his inability, because of his mental status, was so clear that even though that was an incorrect instruction, the evidence was still sufficient. The proof was there beyond the reasonable doubt. They also mentioned, not just his mental ability, they also mentioned the disparity in age. The disparity in age is a little unclear as far as how, if he understood or not. I'm not sure. The appellate court, the focus should be on what this person understood. Maybe it was on, could he consent because this disparity was so great that saying no would not have been acceptable. Is that what the appellate court was getting at? Well, again, the knowledge is, you have to establish knowledge. Yeah, but there was no issue in Breyer's. Breyer's. What is his name? Yeah. Breyer's. There was no issue there about the state. The defendant was only 17. Yes. Here's a developmentally, mentally handicapped kid, and the disparity in age might have been, I think, because I read the decision of the appellate court, whether any objection by him, any withdrawal of consent would have mattered. It's essentially a forced circumstance, although mischarged under 12-13-82. It seemed to be what the appellate court was implying and affirmed, even though the appellate, Justice Wilson came up with a rather strong dissent. And the majority conceded. It was interesting the majority conceded it was a wrong instruction, namely that the trial court erred by telling the jury that someone 11 years old could not consent. Is that correct? Yes, but I just have to stress that mental mobility wasn't the only factor. But that's essentially your argument to us here, isn't it? I'm saying that mental ability, along with disparity in age and the difference in physical size, are all factors that the Browse Court looked at in determining a defendant. Is there anything in this record that suggests that P.V., the victim, because of disparity in age and size and intimidation, could not have said no? There was testimony that she knew the defendant her whole life, that he was a family friend. But that doesn't answer my question. She trusted him. She was alone in a van with him. Is there anything that says... And a kid was alone in a van with an adult. Most of the time a kid will follow the commands of what an adult says. I have one question. Should we reverse, do you agree with defense counsel, that that's the end of this case? It cannot be remanded? It definitely is attached. Apparently, obviously I didn't think about that because I didn't want it to be reversed. But from what he says, there is no lesser included. It doesn't count as a lesser included offense. And I couldn't think of another avenue. Okay, thank you, counsel. Rebuttal, please. I want to make clear that I understand this is a difficult case, given the facts of the case. Your client's not a prince. He is not. But we're here because of the state's charging decision. It's on the state to charge him appropriately and to prove their case at trial. And they didn't do that here. Now, I think the court touched on some of the core problems with this argument, that being the statutory scheme and where the state's argument fits into that statutory scheme. And I can say honestly, Justice Turner, I looked at the proportionate penalties argument as well, and I agree with you as to the proportionate penalties argument. I didn't make it at this point because it didn't seem like, without knowing that the state was ever going to make the argument that it's making now, I didn't address it in the opening brief, and I probably should have. But I agree with you that it is a proportionate penalties argument. Justice Steinman, you're exactly right about the dissent in Bryles, and that the dissent was very stern and the majority agreed with it. But there is a reason why it was improper to give an instruction to the jury that an 11-year-old cannot consent to sex, because it shouldn't be given. One doesn't exist in this case. But the operative fact of this case is, was there something in the record that can affirmatively demonstrate that the defendant knew that the victim was unable to give knowing consent? And there's not.  Sure. If I came up to the... If I can give you a hypothetical that I think answers your question. If I came up to the courtroom and I thought this chair was very comfortable, so as I am walking out of the courtroom, I take the chair with me and I tell the security guard as I'm leaving, don't tell anybody I can get in trouble for this, I might know that I shouldn't be taking this because this is a theft. It's not right to take stuff from people. It doesn't mean that you can charge me with a burglary and infer that because I knew I was doing something wrong, I must have had the intent when I came in the building to take that chair. Everything has to be kept in context. My client isn't a prince. He knew that what he was doing was wrong. He told the girl not to tell anyone because he could have been prosecuted under subsection 1216D, like he probably should have been. That wasn't the state's charge, and the fact that he told the girl that does not mean that he knew that she was unable to give knowing consent. What's your theory on why the state charged him as it did instead of the charge that, I think the phrase is, fits like a glove? My personal opinion? Sure. I think they wanted a class 1 felony, and the appropriate charge is a class 2 felony. Class 1 non-probationable felony. Right. Do we know what's your, other than that your client is not a prince, do we know what his prior record is? Honestly, off the top of my head, I do not. I did not keep that part of the record with me. Yeah, I can't. I welcome the court to take a look at the consent report, but off the top of my head, I can't say that. What was the maximum sentence the court imposed on any given count? Was it 7 years? I believe it was 7 years. Why would the state then have, under your theory, gone for a class 1 instead of a class 2? The exact same sentence could have been achieved here under the class 2 charges. This is just kind of off the top of my head. I think I'm right about this, though. There's the statute that talks about running of consecutive sentences and how the sentences can't equal more than twice the maximum for that given offense. And so the court structured the sentence in this case so it wouldn't violate that statute. If he's charged with a class 1, then the maximum penalty goes up and the court could give him incrementally higher sentences pursuant to that. I hadn't thought of that. So you're saying then if these had all been class 1 convictions, if they had class 1 convictions, the court could not have imposed the aggregate sentence of 44 years. That's correct. I had not thought about that. That is correct. So for all these reasons, I ask the court to vacate the convictions. The case is submitted. The court will stand in recess.